NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
James B. Hardin, Bar No. 205071
jhardin@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
895 Dove Street, Suite 425
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISA NEAL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATURALCARE, INC., a corporation; and DOES 1-25, Inclusive,<br><br>Defendants. | Case No.: EDCV 12-531 DOC (OPx)<br><br>**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: March 6, 2012<br>Removal Date: April 22, 2012<br>Trial Date: None Set |

Plaintiff ALISA NEAL ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief:

## I.    INTRODUCTION

1.    NaturalCare, Inc. ("Defendant") manufactures, markets, and sells the "RingStop" line of products ("the Products") as a treatment for the symptoms of tinnitus and similar ailments, including "ringing and buzzing in the ears." Defendant claims its Products are "proven to lessen and reduce [the] maddening noise, and, in some cases, eliminate it."

2.    In reality, RingStop's homeopathic ingredients cannot treat tinnitus or its symptoms, and certainly not to the extent claimed by Defendant. Defendant's statements about the Products' efficacy are false and misleading, and though Defendant

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

1 | claims its Products are "proven" to work, Defendant can point to no credible scientific
2 | evidence to verify its unfounded claims.

3 |     3.    Defendant's misrepresentations regarding the efficacy of RingStop were
4 | designed to, and did, lead Plaintiff and others similarly situated (collectively the
5 | "Class") to believe that these Products were effective at treating tinnitus and providing
6 | relief from its symptoms.  Plaintiff and members of the Class relied on Defendant's
7 | misrepresentations and would not have paid as much, if at all, for the Products but for
8 | Defendant's misrepresentations.

9 |     4.    Plaintiff brings this class action lawsuit to enjoin the ongoing deception of
10 | thousands of California consumers by Defendant, and to recover the money taken by
11 | this unlawful practice.

## II.    THE PARTIES

**A.**    **Plaintiff.**

14 |     5.    Plaintiff is a resident of Riverside County, California and purchased
15 | RingStop in Riverside County in January, 2012.  Plaintiff relied on Defendant's
16 | representations regarding the efficacy of the Products, as detailed herein, and but for
17 | those representations, Plaintiff would not have purchased or paid as much for the
18 | Products.

**B.**    **Defendants.**

20 |     6.    Upon such information and belief, Defendant NaturalCare, Inc. is a
21 | Delaware corporation with its principal place of business in Park City, Utah.
22 | NaturalCare, Inc. develops and markets RingStop and does business in California.

23 |     7.    The true names and capacities, whether individual, corporate, associate,
24 | representative, alter ego or otherwise, of defendants and/or their alter egos named
25 | herein as DOES 1 through 25 inclusive are presently unknown to Plaintiff at this time,
26 | and are therefore sued by such fictitious names pursuant to California Code of Civil
27 | Procedure § 474.  Plaintiff will amend this Complaint to allege the true names and
28 | capacities of DOES 1 through 25 when the same have been ascertained.  Plaintiff is

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

1  further informed and believes, and based thereon allege, that DOES 1 through 25 were
2  and/or are, in some manner or way, responsible for and liable to Plaintiff for the events,
3  happenings, and damages hereinafter set forth below.

4  ### III.   JURISDICTION AND VENUE

5     8.    This Court has jurisdiction over all causes of action asserted herein.
6     9.    Venue is proper in this Court because Plaintiff purchased the product in
7  this County and because Defendant has received substantial compensation from sales in
8  this County.   Specifically, Defendant knowingly engages in activities directed at
9  consumers in this County, and Defendant obtains substantial benefits from their scheme
10 perpetrated in this County.  Plaintiff has filed concurrently herewith the declaration of
11 venue required by Civil Code Section 1780(d) and is attached hereto as Exhibit One.

12    10.   Defendant and other out-of-state participants can be brought before this
13 Court pursuant to California's "long-arm" jurisdictional statute.

14  ### IV.   FACTS

15    11.   Defendant manufactures, markets, and sells the "RingStop" line of
16 products as a treatment for the symptoms of tinnitus and similar ailments, including
17 "ringing and buzzing in the ears."  Defendant claims its Products are "proven to lessen
18 and reduce [the] maddening noise, and, in some cases, eliminate it."  Defendant further
19 claims the Products can treat "tinnitus symptoms," "ear noise," and "sensitivity to
20 sound."  Defendant alleges the Products can "fight ringing in the ears" because of the
21 "proven" "unique blend of homeopathic ingredients."   Defendant claims its "best-
22 selling formula [is] used by thousands to combat symptoms of tinnitus." *See* Exhibit
23 Two.

24    12.   Defendant further claims RingStop is a "homeopathic" treatment but in the
25 same breath claims its Products are "proven" to be effective. These are contradictory
26 claims because homeopathy is a medical system rejected by virtually all physicians
27 educated in United States medical schools.  As such, a product cannot simultaneously
28 be both homeopathic and "proven" effective. *See* Exhibit Two.  Indeed, the Products

1    cannot provide *any* of the relief promised.

2        13.    Further, all of the Products' "active ingredients" are between 3X and 30X

3    HPUS which, if true, is a mere micro-dosage of ingredients. Thus, the product contains

4    no "active ingredients" and is of no medicinal value whatsoever. To give an idea of the

5    magnitude of the dilution, a 6X dilution gives one part ingredient to 1 trillion parts of

6    the solution.[1]  Dilutions to this extent leave the solution with no trace of the original

7    ingredient.

8        14.    Even if one assumes the micro-dosages of ingredients are prevalent

9    enough in the Products to have some sort of effect and presence, those ingredients listed

10   by Defendants have not been proven to treat tinnitus, its symptoms, or similar ailments.

11   For example, *Calcarea carbonica*, one the Products' allegedly "active ingredients" has

12   not been scientifically linked to tinnitus or treatment of its symptoms. Rather, calcarea

13   carbonica has been linked to possible non-toxic treatment of tumors.[2]  Similarly,

14   *cimicifuga racemosa* has not been linked to potential treatments for tinnitus, or any

15   other otological disorder for that matter, but rather has been investigated for its effect

16   on menopause and cancer.[3]  *Cinchona officinalis* is largely known for its presence in

17   quinine and its uses in the treatment of malaria and has not been cited for any sort of

18   ontological treatment.[4]  Similarly, when researching the remaining nine allegedly

19   "active ingredients," similar results appear: none are referenced for tinnitus or treatment

20   of its symptoms.

---

21   [1]  1X means there is 1 part of the active ingredient per ten parts of the inactive
     ingredients; 3X means 1 part per 1,000; 30X means 1 part per $10^{\wedge 30}$. By way of
22   comparison, 8X is the allowable concentration of arsenic in drinking water in the United
     States. *See* http://water.epa.gov/lawsregs/rulesregs/sdwa/arsenic/index.cfm. At a 12X
23   solution, a 150-pound man would have to ingest approximately *225 million* pounds of
     the solution to ingest enough cyanide to reach a fatal dose.
24   [2]  Guimarães F.S. et al. "In vitro and in vivo anticancer properties of a Calcarea
     carbonica derivative complex (M8) treatment in a murine melanoma model," BMC
25   Cancer (Mar. 25, 2010).
     [3]  *See* Geller SE, et al. "Safety and efficacy of black cohosh and red clover for the
26   management of vasomotor symptoms: a randomized controlled trial. Menopause."
     2009;16:1156–1166. *See also* Newton KM, et al. "Treatment of vasomotor symptoms
27   of menopause with black cohosh, multibotanicals, soy, hormone therapy, or placebo: a
     randomized trial." Ann Intern Med. 2006;145:869–879.
28   [4]  *See* http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000648/.

- 4 -

15.   Defendant's exaggerated and/ or blatant misrepresentations regarding the efficacy of its Products were designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that the Products were effective at providing relief from tinnitus, ringing in the ears, and similar ailments.  Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Products but for Defendant's misrepresentations.

16.   Defendant sells the Products for approximately $32.00 based on the preceding false advertising claims.  As a result, Defendant has wrongfully taken hundreds of thousands of dollars from California consumers.

17.   Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of California consumers by Defendant, and to recover the funds taken by this unlawful practice.

## V.   CLASS ACTION ALLEGATIONS

18.   Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> All persons located within California who purchased RingStop either from a retail location or over the internet at any time during the four years preceding the filing of this complaint through the date of trial in this action (the "Class").

19.   Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement involving RingStop.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

20.   The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens

of thousands and members of the Class are numerous and geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

21. There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

a. Whether Defendant's efficacy claims are accurate;

b. Whether Defendant's efficacy claims are properly substantiated;

c. Whether Defendant has falsely represented that RingStop products have uses and benefits which they do not have;

d. Whether Defendant knew that its efficacy claims were false;

e. Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

f. Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

g. Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

h. Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

i. Whether Plaintiff and Class members are entitled to restitutionary relief; and

j. Whether Plaintiff and Class members are entitled to injunctive relief.

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

22.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they all relied on Defendant's representations concerning the Products and purchased them based on those representations.

23.     Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.    Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Plaintiff has retained a law firm who is widely recognized as one of the most successful and effective class action litigators in California, and whose victories have been publicized on CNN, Fox News, MSNBC, and nearly every major California newspaper. The firm has also been certified as lead class counsel in similar class actions.

24.     Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.   A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the class is impracticable.  Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.   Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

25.     Adjudication of individual class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members

1  not parties to the adjudication, and could substantially impair or impede the ability of
2  other class members to protect their interests.

### VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

### (CAL. CIV. CODE §§ 1750, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

8      26.    Plaintiff incorporates by this reference the allegations contained in the
9  paragraphs above as if fully set forth herein.

10      27.    Plaintiff has standing to pursue this cause of action because Plaintiff has
11  suffered injury in fact and has lost money as a result of Defendant's actions as set forth
12  herein.   Specifically, Plaintiff purchased the Products in reliance on Defendant's
13  marketing claims with respect to efficacy.  Plaintiff used the Products as directed, but it
14  did not work as advertised and was not of the quality and standard advertised by
15  Defendant.

16      28.    Defendant has engaged in and continues to engage in business practices in
17  violation of California Civil Code §§ 1750, *et seq.* (the "Consumers Legal Remedies
18  Act") by making false and unsubstantiated representations concerning the efficacy of
19  the Products.   These business practices are misleading and/or likely to mislead
20  consumers and should be enjoined.

21      29.    Defendant has engaged in deceptive acts or practices intended to result in
22  the sale of RingStop in violation of Civil Code § 1770.  Defendant knew and/or should
23  have known that its representations of fact concerning the efficacy of the Products were
24  material and likely to mislead the public.  Defendant affirmatively misrepresented that
25  the Products were of a certain standard and quality with certain benefits which they did
26  not have.

27      30.    Defendant's conduct alleged herein violates the Consumers Legal
28  Remedies Act, including but not limited to, the following provisions:   (1) using

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

1  deceptive representations in connection with goods or services in violation of Civil
2  Code § 1770(a)(4); (2) representing that goods or services have sponsorship, approval,
3  characteristics, ingredients, uses, benefits, or quantities which they do not have in
4  violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services with
5  intent not to sell them as advertised in violation of Civil Code § 1770(a)(9).  As a direct
6  and proximate result of Defendant's conduct, as set forth herein, Defendant has
7  received ill-gotten gains and/or profits, including but not limited to, money.  Therefore,
8  Defendant has been unjustly enriched.

9      31.  Plaintiff's counsel mailed to Defendant, by certified mail, return receipt
10  requested, the written notice required by Civil Code Section 1782(a) on February 1,
11  2012 and again on March 5, 2012.  Copies of these letters are attached hereto as Exhibit
12  Three.

13     32.  The declaration of venue required by Civil Code § 1780(d) is attached
14  hereto as Exhibit One.

15     33.  Defendant's wrongful business practices constituted, and constitute, a
16  continuing course of conduct in violation of the Consumer Legal Remedies Act since
17  Defendant is still representing that their Products have characteristics, uses, benefits,
18  and abilities which are false and misleading, and have injured Plaintiff and the Class.

19     34.  Plaintiff and the Class seek:

20         (a)  an order of this court enjoining Defendants from continuing to
21  engage in unlawful, unfair, or deceptive business practices and any other act prohibited
22  by law, including those set forth in the complaint, pursuant to California Civil Code
23  Section 1780(a)(2);

24         (b)  actual damages pursuant to Civil Code Section 1780(a)(1);

25         (c)  punitive damages pursuant to California Civil Code Section
26  1780(a)(4) due to the fraudulent, malicious, and willful nature of Defendants' conduct;

27         (d)  statutory damages of no less than $1,000 per class member pursuant
28  to California Civil Code Section 1780(a)(1);

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

1    (e)    restitution pursuant to Civil Code Section 1780(a)(3); and

2    (f)    any other equitable or legal relief that the Court deems proper

3  pursuant to California Civil Code Section 1780(a)(5).

4                              **SECOND CAUSE OF ACTION**

5              **VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**

6                 **(CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)**

7              **(By Plaintiff and on Behalf of the Class Against Defendant)**

8          35.    Plaintiff incorporates by this reference the allegations contained in the

9  paragraphs above as if fully set forth herein.

10         36.    Plaintiff has standing to pursue this cause of action because Plaintiff has

11  suffered injury in fact and has lost money as a result of Defendant's actions as set forth

12  herein.  Specifically, Plaintiff purchased RingStop in reliance on Defendant's marketing

13  claims.  Plaintiff used the Products as directed, but it did not work as advertised and did

14  not provide any of the promised benefits.

15         37.    Defendant has engaged in false advertising as they have disseminated false

16  and/or misleading representations about the Products.

17         38.    Defendant knew or should have known by exercising reasonable care that

18  its representations were false and/or misleading.  During the Class Period, Defendant

19  engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by

20  misrepresenting in its advertising and marketing of the Products to Plaintiff, Class

21  members, and the consuming public that its Products are effective.

22         39.    Each of the aforementioned representations alleged in this Complaint was

23  false and misleading because the Products are not of the standard, quality or grade

24  advertised, and are in reality, ineffective.

25         40.    By disseminating and publishing these statements in connection with the

26  sale of the Products, Defendant has engaged in and continues to engage in false

27  advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

28         41.    As a direct and proximate result of Defendant's conduct, as set forth

- 10 -

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

1 herein, Defendant has received ill-gotten gains and/or profits, including but not limited
2 to, money. Therefore, Defendant has been unjustly enriched. Pursuant to Cal. Bus. &
3 Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all
4 sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

5     42.    Plaintiff seeks injunctive relief, restitution, and restitutionary disgorgement
6 of Defendant's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code §
7 17535.

8     43.    Plaintiff and Class members seek to enjoin Defendant from engaging in
9 these wrongful practices, as alleged herein, in the future. There is no other adequate
10 remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer
11 irreparable harm and/or injury.

**THIRD CAUSE OF ACTION**

**UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES**

**(CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)**

**(By Plaintiff and on Behalf of the Class Against Defendant)**

16     44.    Plaintiff incorporates by this reference the allegations contained in the
17 paragraphs above as if fully set forth herein.

18     45.    Plaintiff has standing to pursue this cause of action because Plaintiff has
19 suffered injury in fact and has lost money as a result of Defendant's actions as set forth
20 herein. Specifically, Plaintiff purchased RingStop in reliance on Defendant's marketing
21 claims. Plaintiff used the Products as directed, but it did not work as advertised and
22 were not of the standard, quality and grade advertised.

23     46.    Defendant's actions as alleged in this Complaint constitute an unfair or
24 deceptive business practice within the meaning of California Business and Professions
25 Code §§ 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent,
26 and because Defendant has made unfair, deceptive, untrue, or misleading statements in
27 advertising media, including the Internet, within the meaning of California Business
28 and Professions Code §§ 17200, *et seq.*

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

47.   Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.  During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of the Products to Plaintiff, Class members, and the consuming public that, the Products were effective.

48.   Each of the aforementioned representations alleged in this Complaint was false and misleading because the Products are not of the standard, quality or grade advertised.

49.   Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the Products as set forth herein.

50.   Defendant's business practices, as alleged herein, are unlawful because they violate the Consumer Legal Remedies Act and False Advertising Law.

51.   Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that the Products have characteristics and benefits they do not have.

52.   Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling its Products in a manner likely to deceive the public.

53.   As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing the Products.  Plaintiff and members of the Class would not have purchased or would have paid less for the Products had they known that they were not as represented.

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

54.     Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint.  Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendant, and each of them as named in the future, as follows:

1.     For an order certifying the Class, appointing Plaintiff and his counsel to represent the Class, and notice to the Class to be paid by Defendant;

2.     For damages suffered by Plaintiff and Class members;

3.     For restitution to Plaintiff and Class members of all monies wrongfully obtained by Defendant;

4.     For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.     For both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded;

6.     For Plaintiff's costs of the proceedings herein;

7.     For reasonable attorneys' fees as allowed by statute; and

8.     For any and all such other and further relief that this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated:  August 27, 2012

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell

By: _____
Scott J. Ferrell
Attorney for Plaintiff and the Class

- 14 -
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT 1

1    I, Alisa Neal, declare as follows:

2    1.    I am a Plaintiff in this action, and am a citizen of the State of California.  I have

3    personal knowledge of the facts herein and, if called as a witness, I could and would testify

4    competently thereto.

5

6    2.    The Complaint in this action, filed concurrently with this Declaration, is filed in the

7    proper place for trial under Civil Code Section 1780(d) in that Riverside County is a county in which

8    Defendants are doing business.

9

10    I declare under penalty of perjury under the laws of the State of California that the foregoing is

11    true and correct.

12

13    Alisa Neal

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2012, I caused a true and correct copy of the foregoing document to be served on the following counsel in the manner indicated:

Jeanette D. Francis

**Via U.S. Mail**

Jon F. Monroy                                    Attorney for Plaintiff
Jennifer E. Gysler                               NATURALCARE, INC.
MONROY, AVERBUCK & GYSLER
32123 Lindero Canyon Rd., Suite 301
Westlake Village, CA  91361
818/889-0661
Fax:  818/889-0667

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT 2







# RingStop Capsules

60 / Caps

## $31.49

Be the first to review this product

Buy 2 for $28.34 each and **save 11%**
Buy 3 for $26.77 each and **save 15%**
Buy 4 for $25.13 each and **save 21%**

Helps Fight Ringing in the Ears

RingStop is the best-selling formula used by thousands to combat tinnitus. Tinnitus symptoms can range in volume and include ringing hissing, roaring, whistling, chirping, or clicking noises in the ear. It c or constant







RingStop Capsules CAP 60ct | Natural Ca...
www.enaturalcare.com/ringstop-capsules.html          naturalcare ringstop

Helps Fight Ringing in the Ears

RingStop is the best-selling formula used by thousands to combat symptoms of tinnitus. Tinnitus symptoms can range in volume and include ringing, buzzing, hissing, roaring, whistling, chirping, or clicking noises in the ear. It can be intermittent or constant.

view full picture



RingStop's unique blend of homeopathic ingredients has proven to lessen and reduce this maddening noise, and, in some cases, eliminate it. The homeopathic substances in RingStop have been formulated in compliance with the *Homeopathic Pharmacopoeia of the United States.*

There's hope with RingStop!

**Catalog Number** 207006



---



**Indications:** For the symptomatic relief of recurring minor tinnitus symptoms including ringing and/or buzzing in the ears, and sensitivity to noise after diagnosis by a doctor.

**Directions:** Start with two capsules twice daily for the first 30-90 days. Thereafter, reduce the dosage to one capsule twice daily. For best results, use daily for 3-6 months.

**Warnings:** If you are presently taking agents for blood-thinning, such as Coumadin* or warfarin, or if you are pregnant or nursing, seek the advice of a health professional before using this product. If symptoms continue to persist after a reasonable period of time, or if symptoms get worse, consult your doctor. Keep out of the reach of children. In case of overdose, get medical help or contact a Poison Control Center right away.

**Active Ingredients:** Calcarea Carbonica 8X, 30X; Carbo Vegetabilis 8X, 12X, 30X; Chininum Sulphuricum 12X, 30X; Cimicifuga racemosa 3X, 6X, 12X, 30X; Cinchona Officinalis 3X, 6X, 30X; Coffea cruda 3X, 12X; Graphites 8X, 12X, 30X;



a Poison Control Center right away.

**Active Ingredients:** Calcarea Carbonica 8X, 30X; Carbo Vegetabilis 8X, 12X, 30X; Chininum Sulphuricum 12X, 30X; Cimicifuga racemosa 3X, 6X, 12X, 30X; Cinchona Officinalis 3X, 6X, 30X; Coffea cruda 3X, 12X; Graphites 8X, 12X, 30X; Kali Carbonicum 12X, 30X; Lycopodium 6X, 12X, 30X; Natrum Salicylicum 6X; Salicylicum acidum 6X.

**Other Ingredients:** Alpha Lipoic acid, Black Sesame seed (Hei Zhi Ma), Butcher's Broom leaf, Capsule (Gelatin, Glycerin, and Titanium Dioxide), Cinnamon (Gui Zhi), CoQ10, Folic acid, Garlic bulb (odor-controlled), Ginger root, Ginkgo biloba leaf, Job's Tears seeds (Yi Yi Ren), Kelp, Kudzu root (Ge Gen), L-Arginine HCl, Licorice root, Ligusticum root (Chuan Xiong), Magnesium amino acid chelate, Magnesium Stearate, Methylcobalamin, N-Acetyl carnitine HCl, N-Acetyl cysteine, Peony root (Chi Shao), Vinpocetine, Vitamin A acetate, Vitamin B-1 (Thiamine HCl), Vitamin B-2 (Riboflavin), Vitamin B-3 (Inositol hexaniacinate), Vitamin B-6 (Pyridoxine HCl), Vitamin B-12 (Cyanocobalamin), and Zinc amino acid chelate.

# EXHIBIT 3

# NEWPORT
T R I A L   G R O U P
*A Professional Corporation*

895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone(949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

February 1, 2012

**BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

NaturalCare, Inc.
1400 Kearns Boulevard
Park City, Utah 84060-7228

   Re: *Violations of California Consumer Protection Laws*

Dear Sir or Madam:

   I am writing on behalf of an individual California consumer, as well as a putative class of similarly situated consumers, to advise you that we believe you are violating the California Consumer Legal Remedies Act.

   You market and sell "RingStop" as a remedy for "ringing or buzzing in the ears" and claim its "unique blend of homeopathic ingredients has proven to lessen and reduce this maddening noise, and, in some cases, eliminate it." You further claim that RingStop can also treat the symptoms of tinnitus, including "ringing, buzzing, hissing, roaring, whistling, chirping, or clicking noises in the ear." Our client relied on these assertions when buying your product and did not experience any of the promised benefits. In fact, your product was completely worthless to her.

   In reality, Ring Stop is simply a homeopathic "treatment" which contains a mere microdosage of its allegedly "active ingredients." Diluted to a dosages ranging between 6X and 30X HPUS, the product cannot be said to contain active ingredients and thus is of no medicinal value whatsoever.

   As such, we believe that you are advertising RingStop as having characteristics, uses and benefits that it does not have in violation of the CLRA. We further believe that the aforementioned representations regarding the purported benefits, qualities and characteristics of RingStop constitutes a violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*) and a violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

   We respectfully request that you agree to irrevocably stop all false and misleading advertising and labeling of this product and provide all consumers who have purchased the product with a full refund. Given that our primary goal is to enjoin the false labeling and

January 31, 2012
Page 2

advertising claims, we will agree to take no further action in this matter if you will agree to
conform your conduct to the requirements and prohibitions of the California Consumer Legal
Remedies Act.

Very truly yours,

NEWPORT TRIAL GROUP

Scott J. Ferrell

SJF:cl

**NEWPORT**
T R I A L   G R O U P

*A Professional Corporation*

895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone(949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

February 1, 2012

## BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED

NaturalCare, Inc.
Vintage, Building 1
4778 North 300 West, Suite 210
Provo, Utah 84604

Corporate Agents, Inc.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

   Re:  *Violations of California Consumer Protection Laws*

Dear Sir or Madam:

   I am writing on behalf of an individual California consumer, as well as a putative class of similarly situated consumers, to advise you that we believe you are violating the California Consumer Legal Remedies Act.

   You market and sell "RingStop" as a remedy for "ringing or buzzing in the ears" and claim its "unique blend of homeopathic ingredients has proven to lessen and reduce this maddening noise, and, in some cases, eliminate it." You further claim that RingStop can also treat the symptoms of tinnitus, including "ringing, buzzing, hissing, roaring, whistling, chirping, or clicking noises in the ear." Our client relied on these assertions when buying your product and did not experience any of the promised benefits. In fact, your product was completely worthless to her.

   In reality, Ring Stop is simply a homeopathic "treatment" which contains a mere microdosage of its allegedly "active ingredients." Diluted to a dosages ranging between 6X and 30X HPUS, the product cannot be said to contain active ingredients and thus is of no medicinal value whatsoever.

   As such, we believe that you are advertising RingStop as having characteristics, uses and benefits that it does not have in violation of the CLRA. We further believe that the aforementioned representations regarding the purported benefits, qualities and characteristics of RingStop constitutes a violation of California's False Advertising Law (Cal. Bus. & Prof. Code §

March 5, 2012
Page 2

17500 *et seq.*) and a violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §
17200 *et seq.*).

    We respectfully request that you agree to irrevocably stop all false and misleading
advertising and labeling of this product and provide all consumers who have purchased the
product with a full refund.  Given that our primary goal is to enjoin the false labeling and
advertising claims, we will agree to take no further action in this matter if you will agree to
conform your conduct to the requirements and prohibitions of the California Consumer Legal
Remedies Act.

                                 Very truly yours,

                                 NEWPORT TRIAL GROUP

                                 Scott J. Ferrell

SJF:cl