UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALISA NEAL, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>NATURALCARE, INC., a corporation,<br><br>　　　　Defendant. | Case No.: EDCV 12-00531 DOC (OPx)<br><br>ORDER<br>　1) **DENYING DEFENDANT'S MOTION TO DISMISS; and**<br>　2) **GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

　　　Before the Court are two motions: Defendant NaturalCare's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 31) and Plaintiff Alisa Neal's Motion for Class Certification (Dkt. 36). After considering the moving papers, and after hearing oral arguments on December 3, 2012, the Court:

　　　　1)  DENIES Defendant's Motion to Dismiss; and

　　　　2)  GRANTS Plaintiff's Motion and CERTIFIES the class.

**I.　　Background**

### a. Gravamen of Plaintiffs' claims

On March 6, 2012, Plaintiff filed a complaint in Riverside County Superior Court; the matter was removed to federal court by Defendant on April 11, 2012. *See* Not. of Removal (Dkt. 1). Plaintiff filed a First Amended Complaint (FAC) (Dkt. 29) on August 27, 2012. The gravamen of Plaintiff's FAC is that she purchased a product, "RingStop," whose label contained the allegedly material misrepresentation that RingStop treats "tinnitus symptoms," "ear noise," "sensitivity to sound," and "ringing and buzzing in the ears." *See* FAC ¶ 11. Defendant's internet marketing allegedly also included the claim that it has been "proven to lessen and reduce [the] maddening noise, and, in some cases, eliminate it." *Id.* ¶ 1. Plaintiff alleges that she bought the product because of Defendant's representations that it would treat her symptoms, but that it did not have the promised effect, because the "active ingredients" it contains and their highly diluted presence in the product have never been shown to produce the results that Defendant suggests. *See* FAC.

### b. Defendant

Plaintiff alleges, and Defendant does not appear to dispute, that Defendant Naturalcare, Inc. (NaturalCare) created or approved the marketing at issue here, including the tinnitus relief representations on the label and the internet claim that the product was "proven to lessen and reduce [the] maddening noise, and, in some cases, eliminate it." While Plaintiff's pleadings state that Plaintiff mailed a letter by certified mail, return receipt requested, to RingStop's publicly listed corporate headquarters stating her belief that Defendant was in violation of the California Consumer Legal Remedies Act (CLRA) on February 1, 2012, *see* FAC Ex 3, Defendant claims that it did not receive any such letter, and was not informed about Plaintiff's claim until March 8, 2012, when its agent for service of process received another letter from Plaintiff's counsel dated March 5, 2012. Def's Mot. to Dismiss (Dkt. 31) at 14. Defendant further claims that, within a month of receiving notice on March 8, 2012, Defendant had removed the claim that RingStop has been "proven to lessen and reduce [the] maddening noise, and, in some cases, eliminate it," from all marketing materials. *Id.* at 22. Defendant does not claim that it altered the product's label in any way. *See id.*

### c. Defendant's Motion to Dismiss

Defendant argues that Plaintiff fails to state a claim upon which relief can be granted, because (1) Plaintiff's claims are not plausible and Plaintiff fails to state fraud with particularity, *see* Def's Mot. at 11-17; and (2) Plaintiff failed to comply with the CLRA's notice requirements. *Id.* at 19-22.

### d. Plaintiff's Motion for Class Certification

On November 5, 2012, Plaintiff filed the instant Motion for Class Certification. *See* Pl's Mot. (Dkt. 31). Defendant filed an Opposition on November 19, 2012. *See* Def's Opp'n (Dkt. 37).[1]

Plaintiff seeks class certification for violation of the following California laws:

(1) Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code, §§ 17200 et seq.

(2) False Advertising Law ("FAL"), *id.* §§ 17500 et seq.

(3) Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.

Plaintiff seeks to certify the following class:

> "All persons located within California who purchased RingStop either from a retail location or over the internet at any time during the four years preceding the filing of this complaint through the date of trial in this action."

## II.  Motion to Dismiss

### a. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to

---

[1] Defendant's Opposition was filed a week late, and Plaintiff has submitted an Ex Parte Application to Strike (Dkt. 40). Because, even considering the Defendant's Opposition, the Court finds that Plaintiff's Motion to Certify the Class should be granted, the Court does not strike Defendant's Opposition at this time.

dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

**b. Discussion**

**i. Plaintiff's claims are plausible and meet the heightened pleading standards of a fraud claim under Federal Rule of Civil Procedure 9.**

Defendant asserts that Plaintiff does not satisfy the heightened pleading standards that Federal Rule of Civil Procedure 9(b) requires of claims sounding in fraud, and that Plaintiff fails to plausibly plead reliance on Defendant's marketing claims. Def's Mot. at 10-17. The requirement for specificity for fraud claims exists "to allow defendant to understand fully the nature of the charge made." *Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal.App.4th 153, 2 Cal.Rptr.2d 861, 862 (Cal.Ct.App.1991) (internal quotation marks and citation omitted). "The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.,* 34 Cal.4th 979, 22 Cal.Rptr.3d 352, 102 P.3d 268, 274 (2004). Plaintiff must not only allege each element of fraud, but because she is alleging fraud against a corporation, she must also specify: (1) the names of people who made representations; (2) their authority to speak; (3) to whom they spoke; (4) what they said; (5) and when it was said. *Tarmann,* 2 Cal.Rptr.2d at 862–63.

The Court concludes that Plaintiff addresses each element of her claims plausibly and with sufficient particularity. Plaintiff alleges that Defendant states on the packaging for RingStop that it treats "tinnitus symptoms," "ear noise," "sensitivity to sound," and "ringing and buzzing in the ears." *See* FAC ¶ 11. Plaintiff alleges that this is a misrepresentation, because she "used the Products as directed, but it did not work as advertised and was not of the quality and standard advertised by Defendant." *Id.* ¶ 27. Therefore, Plaintiff alleges that the advertising was "false and unsubstantiated." *Id. ¶* 28. Plaintiff next alleges that "Defendant knew and/or should have known that its representations of fact concerning the efficacy of the Products were material and likely to mislead the public" *Id.* ¶ 29. Plaintiff alleges that Defendant "affirmatively misrepresented that the Products were of a certain standard and quality with certain benefits which they did not have." *Id.* Plaintiff alleges that she "relied on the Defendant's representations concerning the Products and purchased them based on those representations." *Id.* ¶ 22. Finally, Plaintiff argues that she, and those in the class she seeks to represent, "suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct,"

and seeks injunctive and monetary relief. *Id.* ¶ 24. Thus, Plaintiff alleges each of the required elements of "fraud" with sufficient specificity that Defendant can understand fully the nature of the charge made. *See Delarosa v. Boiron, Inc.*, 818 F. Supp. 2d 1177, 1191-92 (C.D. Cal. 2011) (performing the same FRCP 9 analysis for a similar class action claim based on the same laws).

Defendant also argues that its statements were mere "puffery," and that Plaintiff cannot plausibly have relied on them because the timing alleged in Plaintiff's Complaint would not have allowed for her to use the product for 3-6 months, "as directed," to determine if it might alleviate her symptoms. However, on a motion to dismiss, this Court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). While Defendant's arguments are relevant to the ultimate question of whether or not Plaintiff has proved her claims, Plaintiff's well-pleaded facts, taken as true, present a triable issue. Defendant seems to argue that no claim can be made under the relevant laws unless a consumer has taken their product for 3-6 months, as indicated on the packaging for "best results," but an indication that "best results" will require 3-6 months of continuous use does not defeat Plaintiff's claim that the product can have none of the advertised effects due to the fact that its active ingredients have never been shown to have improved any symptoms of tinnitus or related symptoms.

To the extent that Defendant argues that its compliance with certain portions of the FDC Act's homeopathic labeling requirements shields it from Plaintiff's claims, *see* Def's Mot. at 25-27; 21 U.S.C. § 321(g)(1)(A); FDC Compliance Police Guide Manual, that argument fails at the Motion to Dismiss stage. The FDCA prohibits the sale of misbranded drugs. *See generally* 21 U.S.C. § 331. Under the FDCA, a drug will be deemed to be misbranded if the label is false or misleading. 21 U.S.C. § 352(a). Defendant offers no authority supporting its argument that compliance with FDC labeling guidelines would bar a suit for misrepresentation or fraudulent claims as to efficacy.

### ii. Plaintiff complied with California Civil Code Section 1782(a)

Defendant argues that Plaintiff fails to allege compliance with the notice requirements of the CLRA. Def's Mot. at 17-22. The CLRA requires that:

> Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.
>
> (2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.
>
> The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

Cal. Civ.Code. § 1782(a). California courts require "a literal application of the notice provisions." *Outboard Marine Corp. v. Superior Court,* 52 Cal.App.3d 30, 124 Cal.Rptr. 852, 859 (1975).

Here, Plaintiff alleges that her counsel "mailed to Defendant, by certified mail, return receipt requested, the written notice required by Civil Code Section 1782(a) on February 1, 2012. . . ." FAC. ¶ 31. Thus, the Court concludes that Plaintiff complied with the literal notice requirements of the CLRA. *See Delarosa*, 818 F. Supp. 2d at 1192 (holding that the notice requirement of CLRA had been satisfied because Plaintiff's pleadings claimed that a letter had been sent, by certified mail, return receipt requested, to Defendant, even though Defendant claimed to have not actually received notice).

Defendant's cited support for a dismissal based on this alleged procedural defect is an inapposite case in which the plaintiff admitted that he had *not* sent notice pursuant to CLRA, but argued that the defendant nevertheless had actual notice due to prior litigation. *See Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009). Defendant points out that a *subsequent* letter, sent directly to Defendant's receiver of process on March 5, appears to have conflicting dates on different pages of the letter—February 1, 2012, on the first page, and March 5, 2012, on subsequent pages—and argues that this discrepancy indicates that the earlier letter Plaintiff claims to have mailed on February 1, 2012 (which contains pages dated "February 1, 2012" and "January 31, 2012") was never in fact sent. Def's Mot. at 23. A determination as to whether or not Defendant actually received, or refused to accept, the initial letter, would require the Court to look beyond the face of the pleadings, which is not permitted in a Rule 12 motion. Therefore, the Court concludes that Plaintiff has alleged sufficient compliance with the CLRA notice requirements to maintain this claim.

### c. Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.

### III. Motion to Certify the Class

#### a. Legal Standard

Federal Rule of Civil Procedure 23 governs class actions. Fed. R. Civ. P. 23. A party seeking class certification must demonstrate the following prerequisites: "(1) numerosity of plaintiffs; (2) common questions of law or fact predominate; (3) the named plaintiff's claims and defenses are typical; and (4) the named plaintiff can adequately protect the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing Fed. R. Civ. P. 23(a)). The party may not rest on mere allegations, but must provide facts to satisfy these requirements. *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977) (citing *Gillibeau v. Richmond*, 417 F.2d 426, 432 (9th Cir. 1969)).

After satisfying the four prerequisites of numerosity, commonality, typicality, and adequacy, a party must also demonstrate either: (1) a risk that separate actions would create incompatible standards of conduct for the defendant or prejudice individual class members not

1  parties to the action; or (2) the defendant has treated the members of the class as a class, making
2  appropriate injunctive or declaratory relief with respect to the class as a whole; or (3) common
3  questions of law or fact predominate over questions affecting individual members and that a
4  class action is a superior method for fairly and efficiently adjudicating the action.  Fed. R. Civ.
5  P. 23(b)(1-3).

6       The decision to grant or deny a motion for class certification is committed to the trial
7  court's broad discretion.  *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir.
8  2010).  However, a party seeking class certification must affirmatively demonstrate compliance
9  with Rule 23—that is, the party must be prepared to prove that there are *in fact* sufficiently
10 numerous parties, common questions of law or fact.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct.
11 2541, 2550, 2551, 180 L. Ed. 2d 374 (2011).  This requires a district court to conduct a
12 "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's
13 underlying claim."  *Id.*

### b.  Rule 23 Analysis

The Court concludes that Plaintiff can satisfy Rule 23(a) regarding a class of purchasers of the product RingStop.  As the parties did in their briefs, this Court analyzes Plaintiff's three legal claims together for the purpose of class certification because they all share substantially similar elements and are based on the same facts, namely the purchase of Defendant's products that were marketed with alleged misrepresentations.  *See Delarosa v. Boiron, Inc.*, 2011 U.S. Dist. LEXIS 106248, at *15-16 (C.D. Cal. Aug. 24, 2011) (analyzing class certification on UCL, CLRA, and common-law fraud claims together because elements are similar).

### c.  Class Certification Under Rule 23(a)

#### i.  Numerosity

Numerosity, the first prerequisite of class certification, requires that the class be "so numerous that joinder of all members is impractical."  Fed. R. Civ. P. 23(a)(1).  A proposed class of at least forty members presumptively satisfies the numerosity requirement.  *See Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds by*

*County of Los Angeles v. Jordan*, 459 U.S. 810 (1982); *Slaven v. BP America, Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000).

Here, Defendants do not dispute numerosity and their assertions in their Opposition confirm that this prerequisite is satisfied. *See* Def's Opp'n at 8.

### ii. Typicality

The typicality requirement demands that a named plaintiff's claims be "reasonably co-extensive with those of absent class members," although "they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The purpose of the typicality requirement is to assure that the interests of the named representative aligns with the interests of the class." *Hanon*, 976 F.2d at 508.

The Court concludes that Plaintiff is typical of those class members exposed to the same misrepresentation that Plaintiff experienced, namely that Defendant's product "RingStop" treats "tinnitus symptoms," "ear noise," "sensitivity to sound," and "ringing and buzzing in the ears." *See* FAC ¶ 11. The Court rejects Defendants' arguments that Plaintiff is atypical because she will be subject unique defenses.

First, the Court finds no merit in Defendants' argument that Plaintiff will be subject to a unique defense because she had reasons other than the Defendant's representations for purchasing the product. A plaintiffs' individual experience with the product is irrelevant where, as here, the injury under the UCL, FAL, and CLRA is established by an objective test. *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 2011 U.S. App. LEXIS 17454, at *11-14 (9th Cir. 2011). In *Stearns*, the Ninth Circuit held that the district court abused its discretion in denying certification to a class regarding claims brought under the California UCL, the same statute under which Plaintiff now brings one of her claims. First, while analyzing the district court's dismissal under Rule 23, the Ninth Circuit held that the district court erred in concluding that class members' "individualized proof of reliance and causation would be required" for liability under the California UCL because a recent California Supreme Court decision held otherwise. *Id.* at *11.

1  Specifically, the California UCL imposes an objective test that requires a plaintiff "only
2 to show that members of the public are likely to be deceived" by defendant's representations
3 about its product. *Id.* at *11-13 (quoting *In re Tobacco II Cases*, 46 Cal.4th 298 (2009), as
4 holding that "relief under the UCL is available without individualized proof of deception,
5 reliance and injury"). Next, the Ninth Circuit rejected the defendants' argument that the
6 California UCL's objective test would allow plaintiffs and class members to circumvent the
7 injury requirements for Article III standing. *Id.* at *14. The Ninth Circuit reasoned that a
8 concrete injury sufficient for Article III standing was shown by the California UCL's
9 requirement that the plaintiff and class members suffer an economic loss caused by the
10 defendant, namely, the purchase of defendant's product containing misrepresentations. *Id.*
11 Because Plaintiff's other claims under the FAL and CLRA rely on the same objective test, that
12 is, whether "members of the public are likely to be deceived," these other claims also do not
13 require individual analysis of class members' injury nor negate such class members' Article III
14 standing. *See In re Tobacco II Cases*, 46 Cal.4th 298, 312 (2009); *see also Yumul v. Smart*
15 *Balance, Inc.*, 733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010) ("California courts have held that
16 reasonable reliance is not an element of claims under the UCL, FAL, and CLRA.").

17  Thus, the Court concludes that Plaintiff is typical of a class composed of consumers
18 exposed to the same misrepresentation that Plaintiff experienced, namely that the product
19 "RingStop" treats "tinnitus symptoms," "ear noise," "sensitivity to sound," and "ringing and
20 buzzing in the ears." *See* FAC ¶ 11.

### iii. Commonality

22  The "commonality" prerequisite mandates that there be "questions of law or fact common
23 to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires that class members share a
24 common injury and this injury is "capable of classwide resolution," meaning that determination
25 of the claims' "truth or falsity will resolve an issue that is central to [the claims'] validity." *Wal-*
26 *Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). "The existence of shared legal issues
27 with divergent factual predicates is sufficient, as is a common core of salient facts coupled with
28 disparate legal remedies within the class." *Hanlon v. Chrysler Corp*, 150 F.3d 1011, 1019 (9th

1 Cir. 1998). As the Ninth Circuit has explained, "[t]he commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3) [predominance]." *Id.*

Defendants do not challenge the Plaintiff's commonality, and the Court finds that it exists. California has recognized that an injury exists under the UCL, FAL, and CLRA where a consumer has purchased a product that is marketed with a material misrepresentation, that is, in a manner such that "members of the public are likely to be deceived." *See In re Tobacco II Cases*, 46 Cal.4th 298, 312 (2009); *see also Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010) ("California courts have held that reasonable reliance is not an element of claims under the UCL, FAL, and CLRA."). While Defendant points out that Plaintiff does not state that she was diagnosed by a physician with tinnitus, and so implies that her claims might differ from those of other potential class members who were diagnosed, courts in this district recognize that because "some consumers purchased the [product] for other reasons does not defeat a finding that" the product was marketed with a material misrepresentation, which *per se* establishes a common injury. *See Johnson v. General Mills, Inc.*, 2011 U.S. Dist. LEXIS 103357 (C.D. Cal. Sept. 12, 2011); *see also Delarosa v. Boiron*, 2011 U.S. Dist. LEXIS 106248, at *8 (C.D. Cal. Aug. 24, 2011).

Defendants do not dispute that the claims at issue here arise from the same facts, namely the purchase of products that were marketed with alleged material misrepresentations. These same facts give rise to the same legal theories for liability under the UCL, FAL, and CLRA claims. The determination of these claims' "truth or falsity"—namely, whether Defendants' products were marketed using misrepresentations and whether these misrepresentations were material—will resolve an issue that is central to [the claims'] validity. Especially given the relatively lenient requirements for commonality preconditions of Rule 23(a)(2), this Court concludes that this standard is met where there are shared legal issues and facts. *See Hanlon v. Chrysler Corp*, 150 F.3d 1011, 1019 (9th Cir. 1998).

### iv.  Adequacy of the Named Representative

1   An adequate representative is one who will "fairly and adequately protect the interests of
2   the class." Fed. R. Civ. P. 23(a)(4).  Due process requires that absent class members have an
3   adequate representative.  *See Hansberry v. Lee*, 311 U.S. 32, 43 (1940).  A representative is
4   adequate where (1) there is no conflict of interest between the representative and its counsel and
5   absent class members, and (2) the representative and its counsel will "pursue the action
6   vigorously on behalf of the class."  *Hanlon*, 150 F.3d at 120 (internal citations and quotations
7   omitted).

8   This Court is not persuaded by Defendant's argument that Plaintiff is not credible
9   because she cannot have used the product "as directed" based on the facts claimed in her
10  pleading.  *See* Def's Opp'n at 10-11.  While Defendant appears to argue that no claim can be
11  made under the relevant laws unless a consumer has taken their product for 3-6 months, as
12  indicated on the packaging for "best results," the Court is not persuaded that this language on
13  the packaging requires 3-6 months of continuous use for that use to be considered "as directed."
14  The packaging does not claim that results will *only* appear after 3-6 months.  *See* FAC Ex. 2.
15  An indication that "best results" will require 3-6 months of continuous use does not defeat
16  Plaintiff's claim that the product can have none of the advertised effects due to the fact that its
17  active ingredients have never been shown to have improved any symptoms of tinnitus or related
18  symptoms.  Defendant has not shown that Plaintiff will not be an adequate class representative.
19  *See Hodges v. Akeena Solar, Inc.*, 274 F.R.D. 259 , 267 (N.D. Cal. 2011) ( "Given that the
20  threshold of knowledge required to qualify a class representative is low; a class representative
21  will be deemed inadequate only if 'startlingly unfamiliar' with the case.").

22  Alternatively, Defendants have argued, without citing any law, that Plaintiff's lack of a
23  receipt for her purchase of the product means that she is "not a proper class representative."
24  Def's Opp'n at 10.  Again without citing any law, Defendants renewed this argument at the
25  hearing on Plaintiff's Motion, and the Court asked Plaintiff to submit case authority for the
26  proposition that a plaintiff does not need to have documented proof of purchase (*i.e.*, a receipt)
27  in order to pursue a class action under the CLRA, the California FAL, and the California Unfair
28  Business Practices laws.  In its Supplemental Brief in Support of Motion for Class Certification

(Dkt. 42), Plaintiff directed the Court's attention to *Ries v. Arizona Beverages USA LLC*, 2012 WL 597247 (N.D. Cal. Nov. 27, 2012), a recent case regarding the labeling of AriZona Iced Teas brought under the same laws as the present matter, in which the defendants argued that the plaintiffs' lack of receipts should defeat their claims at the summary judgment and class certification stage. *Id.* at *4. In that case, as here, the plaintiffs "testified they incurred economic harm [by purchasing the product], and there is simply no authority to suggest that they must provide a more precise accounting of their losses at this juncture to proceed on their claims." *Id.* That court certified the class, and further held that "Plaintiffs' sworn statements estimating the harm they have incurred provide an evidentiary basis for a finding of injury in fact." *Id.* at *5. This Court likewise finds that Plaintiff's sworn statements that she purchased the product "from a Vitamin Shoppe in early 2012," Neal Decl. ¶ 2, are sufficient to establish an injury in fact, and Defendant has shown no authority to suggest that Plaintiff's lack of a receipt renders her an inadequate class representative.

### v. Conclusion

For the reasons stated above, the Court concludes that Plaintiff has satisfied Rule 23(a) regarding her proposed class.

### d. Class Certification under Rule 23(b)(3)

After satisfying the requirements of Rule 23(a), the proposed class must also satisfy at least one of the three requirements listed in Rule 23(b). Thus, the Court turns to the requirements of Rule 23(b)(3): whether common questions of law or fact predominate among class members and whether the class device offers a superior means of resolving the dispute. Because the Court concludes that the requirements of Rule 23(b)(3) are met, the Court refrains from analyzing this case under Rule 23(b)(2).[2] Defendant offers no real argument regarding

---

[2] The Court refrains from this analysis given the lack of clarity regarding whether the Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) has abrogated the Ninth Circuit's interpretation of the Rule 23(b)(2) requirements.

-14-

certification under Rule 23(b)(3) and instead focuses its Opposition on Rule 23(b)(2) and restating the arguments found in its Motion to Dismiss. *See* Def's Opp'n at 12-27.

### i. Predominance

The predominance inquiry "tests whether proposed class actions are sufficiently cohesive to warrant adjudication by representation," a standard "far more demanding" than the commonality requirement of Rule 23(a). *Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). However, predominance is also "readily met in certain cases alleging consumer . . . fraud." *Id.* at 625.

The Court concludes that the central questions in this case predominate over any individual question. Defendant argues that "causation and relief are individual issues," citing *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 129 (2009), a case in the which the appeals court upheld a trial court's denial of class certification based on that court's conclusion that "plaintiffs could not proceed on the theory that [defendant's anti-inflammatory drug] Vioxx was no more effective, and less safe, than naproxen, because such a determination cannot be made class-wide, but is dependant on each individual patient's specific medical needs and history." *Id.* at 93. Here, in contrast, the central predominating question is whether Defendants' label and marketing statements are materially misleading. Courts in California "routinely find that this inquiry focuses on the Defendants' representations about the product and applies a single, objective "reasonable consumer" standard—not, as Defendants urge, a subjective test that inquires into each class members' experience with the product." *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 537 (C.D. Cal. 2011) *reconsideration denied*, 280 F.R.D. 540 (C.D. Cal. 2012) (certifying class exposed to misrepresentations in advertising in violation of UCL, FAL, and CLRA) (citing *Faigman v. AT&T Mobility LLC*, 2007 U.S. Dist. LEXIS 52192 (N.D. Cal. July 17, 2007) (denying motion to dismiss UCL, FAL, and CLRA claims in putative class action); *Smith v. Wells Fargo Bank, N.A.*, 135 Cal. App. 4th 1463 (2005) (reversing dismissal of UCL, FAL, and CLRA claims in class action)).

Additionally, the class members share the following questions: (1) whether Defendants communicated a representation, through packaging and other marketing, that the product offers

1  relief from "tinnitus symptoms," "ear noise," "sensitivity to sound," and "ringing and buzzing in
2  the ears;" (2) if so, whether that representation was material to individuals purchasing the
3  product; (3) whether the representation was truthful; and (4) the proper method for calculating
4  damages. *See Johnson v. Gen. Mills, Inc.*, 2011 U.S. Dist. LEXIS 45120, at *8-9 (C.D. Cal. Apr.
5  20, 2011).

### ii. Superiority

7  The second prong of the Court's analysis under Rule 23(b)(3) also requires a finding that
8  "a class action is superior to other available methods for the fair and efficient adjudication of the
9  controversy." Fed. R. Civ. P. 23(b)(3). Given the small size of each class member's claim,
10 class treatment is not merely the superior, but the only manner in which to ensure fair and
11 efficient adjudication of the present action. *See Pecover v. Elec. Arts Inc.*, 2010 U.S. Dist.
12 LEXIS 140632, at *68 (N.D. Cal. Dec. 21, 2010) ("[T]he modest amount at stake for each
13 purchaser renders individual prosecution impractical. Thus, class treatment likely represents
14 plaintiffs' only chance for adjudication."). Indeed, "[w]here it is not economically feasible to
15 obtain relief within the traditional framework of a multiplicity of small individual suits for
16 damages, aggrieved persons may be without any effective redress unless they may employ the
17 class action device." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980). *see also*
18 *Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589, 600 (E.D. Cal. 1999) ("Class action
19 certifications to enforce compliance with consumer protection laws are 'desirable and should be
20 encouraged.'"). Furthermore, each member of the class pursuing a claim individually would
21 burden the judiciary, which is contrary to the goals of efficiency and judicial economy advanced
22 by Rule 23. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 946 (9th Cir. 2009)
23 ("The overarching focus remains whether trial by class representation would further the goals of
24 efficiency and judicial economy."); *Delarosa v. Boiron, Inc.*, 2011 U.S. Dist. LEXIS 106248, at
25 *37-38 (C.D. Cal. Aug. 24, 2011).
26 Thus, the Court concludes that Plaintiff has satisfied the requirements of Rule 23(a) and
27 (b)(3). Because the Court reaches this conclusion regarding Rule 23(b)(3) under established
28 law, it does not consider whether the class may be certified under Rule 23(b)(2).

**IV.     Disposition**

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss and GRANTS Plaintiff's Motion for Class Certification. The following class is certified:

> All persons located within California who purchased RingStop either from a retail location or over the internet at any time during the four years preceding the filing of this complaint through the date of trial in this action.

DATED: December 20, 2012

_____

DAVID O. CARTER

UNITED STATES DISTRICT JUDGE