O

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 12-0531-DOC (OPx)                              Date: January 30, 2014

Title: ALISA NEAL v. NATURALCARE, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
              None Present                                      None Present

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO DECERTIFY CLASS [55] [57]

Before the Court is Defendant NaturalCare, Inc.'s Motion to Decertify Class (Dkt. 57) and Plaintiff Alisa Neal's Motion to Substitute Class Representative (Dkt. 55). After considering the motions, oppositions, replies, and all filings attached thereto, the Court hereby GRANTS Defendant's Motion. The Class is decertified and the action is dismissed WITH prejudice. Furthermore, the Motion to Substitute Class Representative is deemed moot.

I. BACKGROUND

On March 6, 2012, Plaintiff Alisa Neal ("Ms. Neal") filed this action against Defendant NaturalCare, Inc. ("NaturalCare"). Ntc. of Removal, Ex. B at 11 (Dkt. 1). Ms. Neal alleged that NaturalCare markets and sells a product, RingStop, claiming that it will cure symptoms of tinnitus, such as ringing and buzzing sounds, based on principles of homeopathic medicine. *Id.* She asserted claims for violations of California's Consumers Legal Remedies Act (CLRA), False Advertising Law (FAL), and Unfair Competition Law (UCL) for making "false and misleading statements" that "were designed to, and did, lead" her to purchase the RingStop. *Id.* ¶¶ 2-3.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-0531-DOC (OPx)                                                    Date: January 30, 2014

Page 2

### A.  Bankruptcy

Two months later, on May 24, 2012, Ms. Neal filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Central District of California, Case No. 6:12-bk-22808-MJ.  Def.'s Req. for Judicial Notice ("RJN"), Ex. A at 17-19[1].  Ms. Neal did not list her claims in this action on her petition or her schedules.  *Id.*  Indeed, she failed to list this action even when specifically prompted to "[l]ist all suits and administrative proceedings to which [she] is or was a party within one year immediately preceding the filing of this bankruptcy case."  *Id.* at 33.

She also did not tell her attorneys.  *See* Ferrell Decl. ¶ 3.

### B.  Subsequent Proceedings in this Action

Three months after she filed for bankruptcy, on August 27, 2012, Ms. Neal filed her first amended complaint, the operative complaint.  FAC (Dkt. 29).  She alleged that her claims "[were] typical of the claims of the members of the Class" and that she "will fairly and adequately represent and protect the interests of the Class."  FAC ¶¶ 22-23.  She also asserted that she had standing to pursue her claims under the CLRA, FAL, and UCL.  *Id.* ¶¶ 27, 36, 45.

Five months after she filed for bankruptcy, on November 5, 2012, Ms. Neal moved to certify the class.  Mot. for Class Cert. (Dkt. 36).  She was the sole class representative.  *Id.*  Ms. Neal argued that her putative class should be certified because "her claims are identical to the claims of the proposed class[,]" and that she would be an adequate class representative.  *Id.* at 9-10.

Seven months after she filed for bankruptcy, on December 20, 2013, this Court granted the motion for class certification.  Order, December 20, 2013 (Dkt. 44).  The Court "conclude[d] that [Ms. Neal was] typical of those class members exposed to the same misrepresentation that [Ms. Neal] experienced . . . . [and] reject[ed] [NaturalCare's] arguments that [Ms. Neal was] atypical because she will be subject to unique defenses."  *Id.* at 10.  Furthermore, this Court found that Ms. Neal was an adequate class representative.

---

[1] The Court takes judicial notice of Exhibit A.  *See Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987) (taking judicial notice of filings in the United States Bankruptcy Court).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-0531-DOC (OPx)												Date: January 30, 2014

Page 3

### C. Discovery of Ms. Neal's Bankruptcy

NaturalCare's discovery requests called for information related to bankruptcy, such as copies of filings from other lawsuits. Mot. at 3. No documents from other lawsuits were produced and Ms. Neal's bankruptcy petition was never disclosed. *Id.* at 4.

NaturalCare finally discovered the bankruptcy in late July. *Id.* at 3. On July 29, 2013, NaturalCare filed a notice of appearance of new attorneys. Notices of Appearance (Dkts. 52, 54); Opp'n at 5. On July 31, 2013, over a year after Ms. Neal filed for bankruptcy, NaturalCare sent an email to Ms. Neal's counsel informing them of Ms. Neal's bankruptcy. Opp'n at 6.

### D. Motions to Decertify and Substitute Class Representative

Now, the Court considers NaturalCare's Motion to Decertify the Class (Dkt. 57) and Ms. Neal's Motion to Substitute Class Representative (Dkt. 55).

## II. ANALYSIS

The question before the Court is this: If the sole putative class representative lacked standing when she filed the operative complaint and a motion for class certification, and the Court certified the class based upon misrepresentations that the sole class representative had standing, then may the Court simply substitute the class representative or must the Court decertify the class and dismiss the action altogether?

### A. Standing

NaturalCare contends that on May 24, 2012, when Ms. Neal filed a petition for bankruptcy, she lost her standing to pursue, and this Court lost subject matter jurisdiction over, this action. Mot. at 4-5. Ms. Neal does not appear to dispute this point. The Court agrees that Ms. Neal lacked standing, but finds, specifically, that she lacked prudential standing.

The doctrine of standing "contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement; and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004) (internal quotations and citations omitted); *accord Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (citing *Bennett v. Spear*, 520 U.S. 154, 162 (1997)) ("The doctrine of standing is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 12-0531-DOC (OPx)                                      Date: January 30, 2014

Page 4

based on both prudential concerns and on constitutional limitations on the jurisdiction of federal courts.").

To assert constitutional standing, plaintiffs must have suffered an "injury in fact" that is fairly traceable to the defendant and that a favorable court decision could likely redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Beyond this "irreducible constitutional minimum of standing," *id.*, courts have self-imposed a number of prudential limitations to standing, including "*the general prohibition on a litigant's raising another person's legal rights*, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked[,]" *Allen v. Wright*, 468 U.S. 737, 751 (1984) (emphasis added); *accord Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Here, Ms. Neal had constitutional standing because she suffered an "injury in fact," i.e. she lost money, fairly traceable to NaturalCare, i.e. NaturalCare's false advertising, and the injury was redressable by the Court, i.e. damages. *See Lujan*, 504 U.S. at 560-61. However, as of May 25, 2012, she lacked prudential standing because the bankruptcy estate, not she, was entitled to assert her claim against NaturalCare.

A debtor seeking bankruptcy relief has a duty to carefully schedule her assets on her bankruptcy petition. *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001). Assets that a debtor fails to schedule are part of the bankruptcy estate. 11 U.S.C. § 544(c), (d); *accord Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). The "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case," including the debtor's "causes of action." 11 U.S.C. § 521(1); *accord Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983)); *Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004). In other words, if the debtor fails to schedule a cause of action on her bankruptcy petition, she is divested of prudential standing to assert that cause of action. *See Dunmore*, 358 F.3d at 1112.

Ms. Neal filed her putative class action complaint on March 6, 2012. Ntc. Of Removal, Ex. B at 1, 11 (Dkt. 1). Two months later, Ms. Neal filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Central District of California, Case No. 6:12-bk-22808-MJ. Req. for Judicial Notice ("RJN"), Ex. A at 17-19. Ms. Neal did not list her claims in this action on her petition or her schedules. *Id.* Indeed, she failed to list this action even when specifically prompted to "[l]ist all suits

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-0531-DOC (OPx)                                    Date: January 30, 2014

Page 5

and administrative proceedings to which [she] is or was a party within one year immediately preceding the filing of this bankruptcy case." *Id.* at 33. Therefore, her interest in this action shifted from her to the bankruptcy estate, and Ms. Neal was divested of prudential standing. *See Dunmore*, 358 F.3d at 1112.

The Court finds that as of May 24, 2012—the date Ms. Neal filed her bankruptcy petition—she lacked prudential standing in this action.

### B. Certification

Parties focus on whether, in light of the absence of standing, this Court should permit Ms. Neal to substitute class representatives or dismiss the action altogether. NaturalCare argues that *Lierboe v. State Farm Mutual Automobile Insurance Company*, 350 F.3d 1018 (9th Cir. 2003) directs this Court to decertify the class and dismiss the action. Mot. at 5-7.

In *Lierboe*, the district court had certified plaintiff's putative class action. *Id.* at 1021. After class certification, however, a state supreme court decision made clear that the sole named plaintiff never had standing. *Id.* at 1022. The Ninth Circuit held that the "district court's certification of the class with [the sole named plaintiff] as its representative must be vacated." *Id.* at 1023. Furthermore, the Ninth Circuit considered whether a substitute representative would be adequate, and while "mindful of judicial economy considerations," the case was remanded to the district court with instructions to dismiss. *Id.*

Ms. Neal vigorously contends that *Lierboe* is distinguishable, and applies only if the sole named plaintiff did not have a viable claim from the outset of the case. Opp'n at 22. The Court disagrees with Ms. Neal; she identifies a distinction without a difference. However, the Court agrees with Ms. Neal on other grounds.

### 1. Ms. Neal's "Never Had Standing" Theory

Ms. Neal posits a number of arguments as to why *Lierboe* is not controlling, and the Court addresses the one that she asserts most strenuously.

She argues for a narrow reading of *Lierboe* because it, and many cases citing it, involved class representatives who "*never* had standing." Opp'n at 14-16. Ms. Neal makes a convincing case that the absence of standing at the outset of a case is sufficient to dismiss under *Lierboe*. *See, e.g.*, *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560-61

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-0531-DOC (OPx)                                              Date: January 30, 2014

                                                                                          Page 6

(9th Cir. 2010); *Stanford v. Home Depot USA, Inc.*, 358 Fed. Appx. 816, 819 (9th Cir. 2009); *Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973). However, she has posited no persuasive argument as to whether the absence of standing at the outset of a case is the *only* condition under which courts should dismiss under *Lierboe*.

In short, neither party cites to controlling authority that instructs this Court to read *Lierboe* narrowly or broadly. However, for the reasons explained in the next section, the Court is convinced that *Lierboe* does not apply in this particular case.

### 2. *Lierboe* Does not Apply to this Case

While the Court rejects Ms. Neal's distinction, it does identify a separate one. As explained above, Ms. Neal lacked prudential standing but had constitutional standing.

In *Lierboe*, after the federal district court certified the class, the state supreme court held that the class representative did not have a legally cognizable claim. 350 F.3d at 1022. The Ninth Circuit explained that, "our law makes clear that 'if none of the named plaintiffs purporting to represent a class establishes the requisite of a *case or controversy* with the defendants, none may seek relief on behalf of himself or any other member of the class.'" *Id.* (emphasis added) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). In other words, *Lierboe* dealt with a case in which the named representative lacked *constitutional standing*, i.e. a case or controversy.

However, the requirements of prudential standing are not as unyielding as those for constitutional standing. "Prudential principles are considerably less intricate than the Article III requirements and easier to meet." 33 Charles Alan Wright & Charles H. Koch, Jr., *Federal Practice and Procedure* § 8413 (3d. ed. 2008). For two reasons, this Court is convinced that *Lierboe* should be limited to cases where the sole class representative lacks constitutional standing.

First, in *Lierboe*, the Ninth Circuit was "mindful of judicial economy considerations" of forcing a certified class to begin anew. 524 F.3d at 1023. But, those considerations had no effect on the outcome because class representatives must "establish[] the requisite of a case or controversy with the defendants"—in other words, judicial economy considerations cannot make up for an absence of constitutional standing. *See id.* at 1022. On the other hand, "[c]oncerns of judicial economy properly affect [the Ninth Circuit's] resolution of prudential standing disputes." *Doran*, 524 F.3d at 1046 (citations omitted). In other words, the fact that *Lierboe* noted, but did not

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-0531-DOC (OPx)                                                          Date: January 30, 2014

Page 7

evaluate, judicial economy suggests that *Lierboe*'s analysis is limited to cases in which constitutional standing is absent.

Second, *Lierboe* explained that if a class representative cannot satisfy other more practical standing doctrines, such as mootness, then substitution is appropriate. *Id.* at 1023 n.6 (citing *Kuahulu v. Employers Ins. of Wausau*, 557 F.2d 1334, 1336-37 (9th Cir. 1977)). Indeed, the Ninth Circuit has held that even prior to class certification, if the sole putative class representative's claim becomes moot, then district courts must permit the putative class members to intervene. *See, e.g.*, *Wade v. Kirland*, 118 F.3d 667, 670 (9th Cir. 1997). NaturalCare rightly points out that Ms. Neal's problem is not one of mootness. Reply at 6-7. However, the mootness doctrine is illustrative because "mootness has a strong prudential component." *See Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1141 (9th Cir. 2005) (discussing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 191-92 (2000)). *Lierboe*'s explicit recognition that it would have come out differently if the problem was mootness, not lack of constitutional standing, suggests that *Lierboe*'s harsh holding does not extend to all cases in which there is a standing problem.

Therefore, the Court reads *Lierboe* to stand for the following proposition: if a sole putative class representative lacks constitutional standing prior to class certification, then the class should not have been certified and the action must be dismissed. *Lierboe* does not apply to the facts of this case, where the problem is prudential, not constitutional, standing.

### C. Substitution of Class Representative

Unfortunately for Ms. Neal, this reading of *Lierboe* does not change the outcome.

Ms. Neal asks this Court to follow *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331 (11th Cir. 2003). In *Birmingham Steel*, like here, the sole class representative filed for bankruptcy and the defendant moved to decertify the class. *Id.* at 1343. The Eleventh Circuit held that the district court should have granted the class a reasonable period of time to find a substitute class representative. *Id.* However, *Birmingham Steel* contains a critical difference from this case: the sole class representative filed for bankruptcy *only after* the class was legitimately certified. *Id.* In reaching its conclusion, the Eleventh Circuit cited *Sosna v. Iowa*, 419 U.S. 393, 399 (1975) to explain that, once certified, a class acquires a legal status separate from that of the named plaintiffs. Therefore, even if the class representative no longer had a live

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 12-0531-DOC (OPx)                                    Date: January 30, 2014

Page 8

claim, the absent class members of the legitimately certified class were entitled press forward. *Birmingham Steel*, 353 F.3d at 1343.

Here, timing is everything. Ms. Neal lost her standing *prior* to class certification. This Court relied on her false assertion of standing to certify the class; it was, for example, unable to fully consider the adequacy or typicality requirements of class certification because Ms. Neal concealed her bankruptcy status. Therefore, the class certification order was ineffective and the putative class members never acquired a legal status separate from Ms. Neal. *See Sosna*, 419 U.S. at 399.

Moreover, the First Amended Complaint—the operative complaint—was filed after Ms. Neal's bankruptcy. It is "well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (internal quotation marks omitted). Ms. Neal lacked standing to assert the causes of action in her First Amended Complaint. *See* 11 U.S.C. § 521(1); *Smith*, 421 F.3d at 1002. Therefore, it must be dismissed.

The Court takes Ms. Neal's counsel at their word that they "were unaware that [Ms. Neal] had filed a petition for bankruptcy until after [NaturalCare's] counsel informed [Ms. Neal's] counsel via email on July 31, 2013." *See* Ferrell Decl. ¶ 3. Furthermore, the Court understands that, in reality, Ms. Neal's participation was only a small part of the putative class action. *See, e.g,*, Ferrell Decl. ¶ 2, Ex. 1 (explaining that the deposition of Ms. Neal took only an hour). Nevertheless, the legal truth is that Ms. Neal lacked standing to assert the causes of action in her First Amended Complaint—the operative complaint in this action and the foundation for her putative class claims. But for Ms. Neal's concealment of facts, this action would have been dismissed then and there.

### D. Dismissal With Prejudice

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 12-0531-DOC (OPx)                              Date: January 30, 2014

                                                                                     Page 9

      The Court is satisfied that the deficiencies of the complaint—Ms. Neal's lack of standing—cannot be cured by amendment.  *See Jackson*, 353 F.3d at 758.  Hypothetically, the complaint could have been amended to add new parties, but only if Ms. Neal had done so before this Court's dismissal.  At this point, the Court is satisfied that Ms. Neal herself cannot continue as a plaintiff.  After this order is issued, there will be no parties left in this action *to* amend the complaint.  Therefore, the Court finds that dismissal with prejudice is warranted.

### III.    DISPOSITION

      Accordingly, despite the inefficient use of judicial resources, this Court DECERTIFIES the Class and DISMISSES Ms. Neal's First Amended Complaint WITH PREJUDICE.

      Ms. Neal's Motion to Substitute Class Representative is vacated as moot, and all scheduled dates are vacated.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                 Initials of Deputy Clerk: jcb